**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

**Newnan Division**

In Re: Debtor(s)
**Ashley Reagan April Florence**
12 Ray Way
Grantville, GA 30220

**xxx–xx–0300**

Case No.: **18–10982–whd**
Chapter: **13**
Judge: **W. Homer Drake**

# ORDER CONFIRMING PLAN

    The Chapter 13 Plan of Debtor or Debtors (hereinafter "Debtor") has been transmitted to all creditors. Debtor's plan, or plan as modified, satisfies the requirements of 11 U.S.C. § 1325.

Accordingly, it is ORDERED that

    (1) The Chapter 13 plan is confirmed;

    (2) Property of the estate shall not revest in Debtor until the earlier of discharge of Debtor, dismissal of the case, or closing of case without the entry of a discharge, unless the Court orders otherwise;

    (3) A creditor must have a proof of claim filed with the Clerk of Court in order to receive a distribution under this plan, without regard to any other provision of the plan; and

    (4) Attorney fees for Debtor's counsel provided for in the Chapter 13 plan and disclosed in the disclosure statement required by Federal Rule of Bankruptcy Procedure 2016(b) are allowed as an administrative expense, subject to disgorgement or disallowance upon request of any party in interest or *sua sponte* by the Court.

    (5) Unless the Court orders otherwise, if the amount of a creditor's secured claim is listed in § 3.2 of the plan as having no value (i.e., is zero), the lien securing that claim will terminate and be released by the creditor without further order, effective upon entry of discharge or an order closing the case without discharge. If the case is dismissed or converted to chapter 7, no such lien shall be affected by this Order in accordance with 11 U.S.C. §§ 349(b)(1)(C) or 348(f)(1)(B), as applicable.

    (6) Unless the Court orders otherwise, if a claim is listed in § 3.2 of the plan as having value, the lien securing that claim will terminate and be released by the creditor without further order in accordance with § 3.2 of the plan. If the case is dismissed or converted to chapter 7, no such lien shall be affected by this Order in accordance with 11 U.S.C. §§ 349(b)(1)(C) or 348(f)(1)(B), as applicable.

    (7) Unless the Court orders otherwise, if § 3.4 of the plan provides that a judicial lien or a nonpossessory, nonpurchase money security interest is avoided as of the entry of the order confirming the plan, such avoidance is subject to 11 U.S.C. §§ 349 and 522(c) if the case is dismissed.

    (8) Because no party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. § 521(i)(2) and because the parties in interest should not be subjected to any uncertainty as to whether this case is subject to automatic dismissal under § 521(i)(1), Debtor is not required to file any further document pursuant to § 521(a)(1)(B) to avoid an automatic dismissal and this case is not and was not subject to automatic dismissal under § 521(i)(1). This does not prevent any party in interest from requesting by motion that Debtor supply further information described in § 521(a)(1)(B), and this does not prevent the Chapter 13 Trustee from requesting by any authorized means, including but not limited to motion, that the Debtor supply further information.

    The Clerk is directed to serve a copy of this Order on the Debtor(s), the Attorney for the Debtor(s), the Chapter 13 Trustee, all creditors and other parties in interest.

**IT IS SO ORDERED.**

Dated:   August 9, 2018

New Form 132

W. Homer Drake
United States Bankruptcy Judge